IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT BILLINGSLEY,

      Plaintiff,

v.                                Civil Action No. 5:13CV126
                                            (STAMP)
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Robert Billingsley, filed an application under Title II for disability insurance benefits ("DIB") on September 27, 2011, and on November 3, 2011, he filed an application under Title XVI of the Social Security Act for supplemental security income ("SSI"). In his applications, the plaintiff alleges disability beginning September 19, 2008, due to blood clots, central core myopathy, stage 3 rectal cancer, and swollen feet.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on February 21, 2013, before an administrative law judge ("ALJ"). At this hearing, the plaintiff testified on his own behalf, as did a vocational expert ("VE"). On March 5, 2013, the ALJ issued a decision finding that the plaintiff was not disabled and was capable of performing past relevant work as a telemarketer and department editor. The ALJ

stated that such work does not require the performance of work-related activities precluded by the claimant's residual functional capacity ("RFC").  The plaintiff appealed the ALJ's decision.  On July 17, 2013, the Appeals Council denied plaintiff's request for review.  The plaintiff now requests judicial review of the ALJ's decision finding him not disabled.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  The plaintiff filed a motion for judgment on the pleadings and the defendant filed a motion for summary judgment.  On June 11, 2014, the magistrate judge issued a report and recommendation recommending that the defendant's motion for summary judgment be granted and the plaintiff's motion judgment on the pleadings be denied.  Upon submitting his report and recommendation, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report.  Neither party filed objections.

## II.  Applicable Law

As there were no objections filed to the magistrate judge's recommendation, his findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C.

§ 636(b)(1)(A). Additionally, because no party filed objections to the report and recommendation, thus, the plaintiff waived his right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

### III. Discussion

To make a disability determination, an Administrative Law Judge ("ALJ") must undertake a five-step sequential analysis, which is set forth at 20 C.F.R. §§ 404.1520, 416.920. An ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can perform his past work; and, if he cannot perform his past work, (5) can perform other work in the national economy. An ALJ's findings must be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)). It is the duty of the ALJ, not of the courts, to make findings of

fact and to resolve conflicts in the evidence. The Court's scope of review is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied, not to substitute the Court's judgment for that of the Secretary. <u>Hays</u>, 907 F.2d at 1456.

A. <u>Past Relevant Work as an Editor</u>

In his motion for judgment on the pleadings, the plaintiff first alleges that the ALJ committed reversible error by improperly evaluating the plaintiff's past experience as an editor as prior relevant work and by failing to consider the VE's testimony regarding available skills relating to the position. The plaintiff asserts that he only worked for one month as an editor before the 15-year window for relevancy of work experience ended. He states that the VE testified that while he may still have basic skills associated with this job, those skills may need updated. The plaintiff asserts that based on the evolution of the field of editing, his current age, and the fact that he has not worked in the field for 14 years and 11 months, the ALJ improperly considered the job as past relevant work. The defendant, however, argues that the ALJ did properly evaluate the plaintiff's past experience as an editor as prior work experience and heard the VE's testimony regarding available skills relating to the position even though the ALJ was not required to consider such testimony at that stage.

During the fourth step of an ALJ's analysis of a claimant's disability claim, the ALJ considers the RFC and past relevant work. Specifically, the ALJ must "compare [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." 20 C.F.R. § 416.920(f). Past relevant work is defined as work the claimant has "done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn how to do it." 20 C.F.R. § 416.960(b). If the ALJ determines that the claimant can still do that kind of work, the claimant will not be found disabled. On the other hand, if the ALJ finds that the claimant cannot do his past relevant work, or if the claimant has no past relevant work, then the ALJ proceeds to step five and determines whether the claimant can perform any other work considering the claimant's RFC and other vocational factors, such as age, education, and work experience. 20 C.F.R. § 416.920(g). "A vocational expert enters the sequential analysis for determining disability after a claimant is found unable to do her past relevant work." Smith v. Bowen, 837 F.2d 635, 637 (4th Cir. 1987).

The magistrate judge found that the ALJ properly considered the plaintiff's editing job for several reasons. First, the magistrate judge noted that the job did fall within the 15-year period. Second, the magistrate judge stated that he had held the job for a 26-year period, which the magistrate judge found was

5

sufficient for him to learn how to do the job and was substantial gainful employment. Further, the magistrate judge found that the plaintiff had a four year college education, and there are no allegations that he can no longer mentally perform his work. As to whether the ALJ properly considered the vocational expert's testimony on this subject, the magistrate judge found that the ALJ was not required to consider such testimony.

After reviewing the ALJ's opinion, this Court agrees with and finds no clear error in the magistrate judge's findings concerning the ALJ's consideration of the plaintiff's editing job as past relevant work, nor is there any error in his finding that the ALJ was not required to consider testimony from the vocational expert at that step in his analysis. Further, this Court agrees that substantial evidence supports the ALJ's findings regarding the plaintiff's ability to perform past relevant work as an editor.

B.  Past Relevant Work as a Telemarketer

The plaintiff next alleges in his motion for summary judgment that the ALJ erred in considering the plaintiff's capacity to return to his past relevant work as a telemarketer and should have proceeded to Step Five, which would have compelled a finding of disability. The plaintiff asserts that the ALJ did not consider all of the medical and non-medical evidence of record in making his RFC determination. Specifically, he asserts that the ALJ failed to determine that his enlarged prostate was a severe impairment and he

6

failed to consider the effects of his central core myopathy and frequency of bowel movements on his capacity to perform sedentary occupations, like that of a telemarketer. The defendant responded, arguing that the ALJ did properly consider all evidence concerning the plaintiff's ability to return to his past relevant work as a telemarketer.

An RFC is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). Pursuant to 20 C.F.R. § 404.1545, the determination of an RFC must be based upon all relevant evidence, including descriptions of limitations that go beyond the symptoms, and observations by treating physicians, psychologists, family, neighbors, friends, or other persons. All of this evidence is considered alongside medical records to allow the ALJ to form a complete determination of the claimant's RFC.

After reviewing the ALJ's opinion, this Court agrees with the magistrate judge's finding that the ALJ's RFC determination accounted for all of plaintiff's functional limitations that were established in the record. Further, this Court agrees that substantial evidence supports the ALJ's evaluation of the plaintiff's impairments.

IV. Conclusion

Because the parties have not objected to the report and recommendation, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS

and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, the defendant's motion for summary judgment is GRANTED and the plaintiff's motion for judgment on the pleadings is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 3, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE